IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sheela D Van Stippen, individually and as Special Administrator of the Estate of Joseph L Van Stippen, Deceased<br><br>           Plaintiff,<br>v.<br><br>A.W. Chesterton Company, a corporation,<br>Albany Felt Company Inc., a corporation,<br>Alfa Laval, Inc., a corporation,<br>Amtico International, Inc., a corporation,<br>Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. &<br>Benjamin-Foster, Inc., a corporation,<br>Bechtel Corporation, a corporation,<br>Borg-Warner Inc., a corporation,<br>Brake Supply Company, Inc., a corporation,<br>Brandon Drying Fabrics, Inc., a corporation,<br>Buffalo Pumps, Inc., a corporation,<br>CBS Corporation, a corporation,<br>Ceco Friction Products, Inc., a corporation,<br>Certainteed Corporation, a corporation,<br>Cornell Pump Company, a corporation,<br>Crane Co., a corporation,<br>DAP Products, Inc., Individually and as Successor to DAP, Inc, a corporation,.<br>Dal-Tile Corporation, Individually and as Successor to American Olean Corporation, a corporation,<br>Eaton Electrical, Inc., as successor to Cutler-Hammer Inc., a corporation,<br>Fenner, Inc., a corporation,<br>Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc., a corporation,<br>Foseco Inc., a corporation,<br>Foster Wheeler LLC, a corporation,<br>Gardner Denver, a corporation,<br>General Electric Company, a corporation,<br>General Refractories Company, a corporation,<br>Georgia Pacific, LLC, a corporation,<br>Goulds Pumps, Inc., a corporation, | Case No. 11-CV-63483<br><br>Transferred from WI-ED 11-0062 |

Honeywell International Inc., a corporation,
ITT Corporation, a corporation,
Ingersoll Rand Company, a corporation,
John Crane Inc., a corporation,
Kadant Black Clawson, Inc., as successor to
Black Clawson, Inc., a corporation,
Kaiser Gypsum Company, Inc., a corporation,
Kentile, Inc., a corporation,
M-E-C Company, a corporation,
Mannington Mills, Inc., a corporation,
Maremont Corporation, a corporation,
Metso Paper U.S.A., Inc., a corporation,
Michelin North America, Inc., as successor to
Uniroyal, Inc., a corporation,
Minnesota Mining and Manufacturing Co., a
corporation,
Motion Industries, Inc., as successor to
Wisconsin Bearing Company, a corporation,
Mount Vernon Mills, Inc., a corporation,
Navistar Inc., a corporation,
Oakfabco Inc., a corporation,
Owens-Illinois Inc., a corporation,
Parker-Hannifin Corporation, a corporation,
Patterson Pump Company, a corporation,
Peerless Pump Company, a corporation,
Pentair Pump Group, Inc., Individually and as
Successor to Aurora Pumps, a corporation,
Pneumo Abex Corporation, a corporation,
Rapid American Corporation, a corporation,
Sandusky International, Inc., a corporation,
Standco Industries, Inc., a corporation,
Tarkett, Inc., Individually as and successor to
Domco, Inc., & Azrock, Inc., a corporation,
The Marley-Wylain Company a/k/a/ Weil-
McLain Company, a corporation,
The Orr Felt Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,
Viking Pump Inc, a corporation,
Warren Pumps, a corporation,
Xerium Technologies, Inc., as successor to
Weavexx Corporation, a corporation,
Zurn Industries, a corporation,

                          Defendants.

## FIRST AMENDED COMPLAINT

Now comes the plaintiff, Sheela D Van Stippen, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Joseph L Van Stippen (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION AND PARTIES

1. Plaintiff, Sheela D Van Stippen is the wife of decedent, Joseph L Van Stippen, and resides in Appleton, Wisconsin.

2. A. W. Chesterton Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

3. Albany Felt Company, Inc. f/k/a Albany International Corp. manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

4. Amtico International manufactured, distributed, sold and/or designed asbestos products, including without limitation floor tile.

5. Bayer Cropscience Inc. is responsible for Amchem Products, Inc. which is responsible for Benjamin Foster and Rhone-Poulenc AG Company. Benjamin Foster manufactured, designed and/or sold asbestos containing products, including without limitation: mastics and wall finishing products. Rhone-Poulenc AG Company manufactured, designed and/or sold asbestos containing products, including without limitation: mastics and wall finishing products.

6. Bechtel is a contractor who used, removed or installed asbestos-containing products.

7. Borg-Warner Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

8. Brake Supply Company Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

9. Brandon Drying Fabrics, Inc. manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

10. Buffalo Pumps Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

11. CBS is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generating equipment including without limitation turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment

12. Ceco Friction Products, Inc. manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

13. Certainteed Corporation manufactured, designed, and sold asbestos products including without limitation asbestos sheets, cements, cement pipe, roofing materials and wall finishing materials.

14. Cornell Pump Company manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

15. Crane Co. manufactured, sold, and designed asbestos containing products, including without limitation gaskets, packing and valves.

16. Dap Products Inc. is responsible for the conduct of Dap Inc. Dap manufactured, designed, and sold asbestos products including without limitation caulks, mastics, plasters and putties.

17. Dal-Tile Corporation is responsible for the conduct of American Olean Corporation.

American Olean manufactured, distributed, sold and/or designed asbestos products, including without limitation floor tile.

18. Eaton Corporation is responsible for the conduct of Cutler Hammer. Cutler Hammer manufactured, designed, and sold asbestos products including without limitation arc shields, switches, wire and other electrical equipment utilizing asbestos containing plastics and phenolics.

19. Fenner, Inc. is responsible for the conduct of Fenner America, Ltd. Fenner America, Ltd. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

20. Flowserve U.S. Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

21. Foseco Inc. manufactured, designed and sold asbestos products, including without limitation, refractory products and cements.

22. Foster Wheeler Corporation is responsible for the conduct of Foster Wheeler Energy Corporation. Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

23. Gardner Denver manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

24. General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment,

including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

25. General Refractories Company manufactured, designed and sold asbestos products, including without limitation, refractory products, cements and mastics.

26. Georgia Pacific manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

27. Goulds Pumps, Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

28. Honeywell International Inc. was formerly known as Allied Signal and is the successor in interest to Allied Corp. which is the successor in interest to The Bendix Corporation, which manufactured, distributed, sold, and/or designed asbestos products, including without limitation, brake and friction products. Honeywell International Inc. also manufactured, distributed, sold and/or designed asbestos products, including without limitation, pumps and valves.

29. ITT Corporation is responsible for the conduct of Bell & Gossett and Marlow Pumps. ITT Corporation, Bell & Gossett and Marlow pumps manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

30. Ingersoll-Rand Company manufactured, designed, and sold asbestos products, including without limitation, brake disks, friction products, pumps, valves, compressors, gaskets and packing.

31. John Crane Inc. manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

32. Kadant Black Clawson Inc. is responsible for the conduct of Black Clawson Inc. Black

Clawson manufactured and sold paper-making machinery and paper-conversion equipment, which contained asbestos products, including without limitation, brakes.

33. Kaiser Gypsum Company manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

34. Kentile manufactured, distributed, sold and/or designed asbestos products, including without limitation floor tile.

35. M-E-C Company designed, manufactured, sold, erected, installed and/or maintained drying systems and other equipment for the paper-making industry which contained asbestos products, including without limitation, brakes, pipe insulation and other insulated components.

36. Mannington Mills, Inc. manufactured, distributed, sold and/or designed asbestos products, including without limitation floor tile.

37. Maremont Corporation manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

38. Metso Paper U.S.A. manufactures and sells paper-making machinery and paper-conversion equipment, which contained asbestos products, including without limitation, brakes.

39. Michelin North America Inc. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

40. Minnesota Mining and Manufacturing Company manufactured, distributed, sold and/or designed asbestos products, including without limitation caulks, cements and mastics.

41. Motion Industries Inc. is responsible for the conduct of Wisconsin Bearing Company.

Wisconsin Bearing Company manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

42. Mount Vernon Mills Inc. manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

43. Navistar Inc. is responsible for the conduct of International Harvester Inc. International Harvester Inc. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

44. Oakfabco's Kewanee boiler division designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes.

45. Owens-Illinois, Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block.

46. Parker-Hannifin Corporation manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

47. Patterson Pump Company manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

48. Peerless Pump Company manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

49. Pentair Pump Group manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

50. Pneumo Abex, LLC is responsible for the conduct of Abex Corp., American Brakeblok Division f/k/a American Brake Shoe Co. Abex Corp. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

51. Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

52. Sandusky International manufactured and sold paper-making machinery and paper-conversion equipment, which contained asbestos products, including without limitation, brakes.

53. Tarkett, Inc. is responsible for the conduct of Domco Inc. & Azrock Inc. Tarkett Inc., Domco Inc. and Azrock Inc. manufactured, distributed, sold and/or designed asbestos products, including without limitation floor tile.

54. Weil-McLain is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

55. The Orr Felt Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

56. Trane is responsible for the conduct of American Standard Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

57. Union Carbide Corporation manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers.

58. Viking Pump Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

59. Warren Pumps Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

60. Xerium Technologies Inc. is responsible for the conduct of Weavexx Corporation. Wevexx Corporation manufactured, distributed, sold, and/or designed asbestos products, including without limitation dryer felts.

61. Zurn Industries designed, manufactured and/or sold steam generation equipment, including without limitation boilers, which were asbestos insulated, and a seller of asbestos products.

62. Decedent was an adult citizen and resident of Wisconsin.

63. Decedent passed away on 3/27/2010 .

64. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

65. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

66. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

67. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

68. Decedent during the course of his employment as a Laborer at various job sites, including

those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

69. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

70. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

71. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on 1/25/2008.

72. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

73. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

74. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

75. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

76. Defendants knew or in the exercise of ordinary or reasonable care ought to have known

asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

77. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

78. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

79. This cause of action is asserted against the manufacturing and supplying defendants and incorporates the allegations in lines 1-78.

80. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

81. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

82. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

83. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

84. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III – DECLARATORY JUDGMENT

85. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

86. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

87. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## WRONGFUL DEATH

88. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 27 above.

89. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## PRAYER FOR RELIEF

90. Plaintiff prays for relief as follows:

    a.  Judgment against defendants, jointly and severally, for compensatory and general damages.

    b.  Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: June 23, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Albany Felt Company Inc. | New York | New York |
| Alfa Laval, Inc. | New Jersey | Virginia |
| Amtico International, Inc. | Delaware | Georgia |
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| Bechtel Corporation | Nevada | California |
| Borg-Warner Inc. | Delaware | Michigan |
| Brake Supply Company, Inc. | Indiana | Indiana |
| Brandon Drying Fabrics, Inc. | Delaware | South Carolina |
| Buffalo Pumps, Inc. | Delaware | New York |
| CBS Corporation | Delaware | Pennsylvania |
| Ceco Friction Products, Inc. | North Carolina | North Carolina |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cornell Pump Company | Delaware | Oregon |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Dal-Tile Corporation, Individually and as Successor to American Olean Corporation | Texas | Texas |

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Eaton Electrical, Inc., as successor to Cutler-Hammer Inc. | Delaware | Ohio |
| Fenner, Inc. | Delaware | Pennsylvania |
| Flowserve US Inc, Individually and as Successor to Worthington Pumps, Inc. | Delaware | Texas |
| Foseco Inc. | Delaware | Ohio |
| Foster Wheeler LLC | Pennsylvania | New York |
| Gardner Denver | Delaware | Illinois |
| General Electric Company | New York | Connecticut |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia Pacific, LLC | Delaware | Georgia |
| Goulds Pumps, Inc. | Delaware | New York |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation | Indiana | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| John Crane Inc. | Delaware | Illinois |
| Kadant Black Clawson, Inc., as successor to Black Clawson, Inc. | Delaware | Ohio |
| Kaiser Gypsum Company, Inc. | Washington | Pennsylvania |
| Kentile, Inc. | Delaware | New York |
| M-E-C Company | Kansas | Kansas |
| Mannington Mills, Inc. | New Jersey | New Jersey |
| Maremont Corporation | Delaware | Michigan |
| Metso Paper U.S.A., Inc. | Delaware | Georgia |
| Michelin North America, Inc., as successor to Uniroyal, Inc. | South Carolina | South Carolina |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Motion Industries, Inc., as successor to Wisconsin Bearing Company | Delaware | Alabama |
| Mount Vernon Mills, Inc. | Maryland | South Cerolina |

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Navistar Inc. | Delaware | Illinois |
| Oakfabco Inc. | Illinois | Illinois |
| Owens-Illinois Inc. | Delaware | Ohio |
| Parker-Hannifin Corporation | Ohio | Ohio |
| Patterson Pump Company | Ohio | Georgia |
| Peerless Pump Company | Delaware | Indiana |
| Pentair Pump Group, Inc., Individually and as Successor to Aurora Pumps | Minnesota | Minnesota |
| Pneumo Abex Corporation | Delaware | Connecticut |
| Rapid American Corporation | Delaware | New York |
| Sandusky International, Inc. | Ohio | Ohio |
| Standco Industries, Inc. | Delaware | Texas |
| Tarkett, Inc., Individually as and successor to Domco, Inc., & Azrock, Inc. | Delaware | Pennsylvania |
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| The Orr Felt Company | Ohio | Ohio |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |
| Viking Pump Inc | Delaware | Illinois |
| Warren Pumps | Delaware | New Jersey |
| Xerium Technologies, Inc., as successor to Weavexx Corporation | Delaware | North Carolina |
| Zurn Industries | Delaware | Pennsylvania |

**Exhibit B**
**Decedent's work history**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Baur Truck | Appleton | WI | 1960 | 1962 |
| Fox River Paper | Appleton | WI | 1970 | 1975 |